UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOLIERE DIMANCHE JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**JEFFERSON B. SESSIONS III,** *et al.*,<br><br>Defendants. | Case No. 17-cv-732 (CRC) |

## MEMORANDUM OPINION

Moliere Dimanche Jr. has filed a *pro se* petition for a writ of mandamus. The writ he seeks would direct the Attorney General to prosecute President Trump for making several allegedly false accusations on Twitter against former President Obama, and would command members of the U.S. Senate to initiate impeachment proceedings against the President based on those same tweets.

The Government moved to dismiss the petition for lack of subject matter jurisdiction. Last December, with Mr. Dimanche's opposition to that motion long overdue, the Court instructed him by minute order to show cause why the Government's motion should not be granted. Dimanche then filed a "Notice" indicating that he has not conceded the Government's motion and setting forth some arguments supporting his petition. See ECF No. 8 (Jan. 8, 2018). The Court construes that filing as an opposition.

The Court must dismiss Dimanche's petition because it lacks jurisdiction to issue the requested writ. While 28 U.S.C. § 1361 provides federal courts with general authority to issue writs of mandamus, mandamus is a "drastic" remedy reserved for "extraordinary circumstances." Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002). A party seeking mandamus must establish "(1) a clear and indisputable right to relief, (2) that the government agency or official is

violating a clear duty to act, and (3) that no adequate alternative remedy exists." Am. Hosp. Ass'n v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." Id.

At a minimum, the petition here fails to meet the second of these jurisdictional requirements. He has pointed to no source of law imposing a "clear duty" on the Attorney General to prosecute the President[1] or on the Senate to initiate impeachment proceedings.[2] Nor could he. There are few government decisions more inherently discretionary than individual prosecution. See Powell v. Katzenbach, 359 F.2d 234, 235 (D.C. Cir. 1965) (per curiam) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."). Same goes for impeachment. See Nixon v. United States, 506 U.S. 224, 234 (1993) (holding dispute over impeachment procedures nonjusticiable). Thus, even if Dimanche could point to a flagrant violation of law going unpunished,[3] he cannot obtain a writ of

---

[1] Dimanche directs the Court to 28 U.S.C. § 547, titled "Duties," which provides that U.S. Attorneys "shall . . . prosecute for all offenses against the United States." For one, duties of U.S. Attorneys are not necessarily duties of the Attorney General, and only the latter is targeted in Dimanche's petition. And, in any event, § 547 is merely organizational: it explains that U.S. Attorneys, and not some other officials, are the nation's prosecutors. It has never been understood to create a nondiscretionary duty to prosecute particular violations of law.

[2] Dimanche cites Article II, Section 4 of the Constitution, which provides that the President "shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors." But Section 4 is not a duty to impeach officials who commit certain offenses; it specifies the consequences that follow from impeachment. Indeed, if anything, by enumerating grounds for removal, Section 4 limits the legislature's ability to initiate impeachment proceedings.

[3] The criminal statute that the President purportedly violated, 18 U.S.C. § 287, prohibits the making of "any claim upon or against the United States" that is knowingly "false, fictitious, or fraudulent." Without more, even the most accusatory tweet is unlikely a "claim" in the sense

mandamus to compel its prosecution or to direct the initiation of impeachment proceedings based on that violation.

      The Court will therefore grant the Government's motion to dismiss (ECF No. 5) and will dismiss this case for lack of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

                                                                                  CHRISTOPHER R. COOPER
                                                                                  United States District Judge

Date: January 12, 2018

---

relevant to § 287. See United States v. Coachman, 727 F.2d 1293, 1302 (D.C. Cir. 1984) (citing cases involving false claims for payment from the government).